UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEONTE NICHOLS,

    Plaintiff,

v.     Case No. 5:21-cv-64-TKW-MJF

STATE OF FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court on referral from the clerk of the court.[1] On March 24, 2021, the undersigned ordered Plaintiff to: (1) pay the $402.00 fee or submit a fully-completed motion for leave to proceed *in forma pauperis*; and (2) file an amended complaint on the court-approved form. (Docs. 3, 4). The undersigned provided Plaintiff until April 23, 2021 to comply. The undersigned also warned Plaintiff that any failure to comply with the respective orders likely would result in dismissal of this case.

On May 9, 2021, after Plaintiff failed to comply with the April 23, 2021 deadline, the undersigned ordered Plaintiff to show cause for his failures. (Doc. 6).

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Plaintiff did not file a response and failed to demonstrate good cause for his failure to pay the filing fee and failure to file an amended complaint on the court-approved form.

Instead, on May 24, 2021, Plaintiff filed an amended complaint. (Doc. 7). Plaintiff's amended complaint, however, was deficient.[2] On June 22, 2021, the undersigned again ordered Plaintiff to show cause why he failed to comply with the undersigned's previous orders. (*Id.*). The undersigned provided Plaintiff until July 13, 2021 to comply with this order and warned Plaintiff that failure to comply with the undersigned's orders likely would result in dismissal of this case. (*Id*. at 3).

As of the date of this report and recommendation,[3] Plaintiff has not submitted a properly-amended complaint on the court-approved form and has failed to pay the $ 402.00 filing fee. Plaintiff also has failed to respond to the show cause order issued by the undersigned on June 22, 2021. (Doc. 9).

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

---

[2] Plaintiff did not sign his amended complaint, he failed to complete several essential sections, and his handwriting sometimes was illegible. (Doc. 9).

[3] The undersigned provided Plaintiff 30 additional days to comply with the orders in addition to the show-cause deadline.

1. This case be **DISMISSED** without prejudice for Plaintiff's failure to comply with orders of this court and failure to pay the $ 402 fee.[4]

2. The clerk of court be directed to close this case file.

At Pensacola, Florida, this 12th of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

---

[4] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); *Wilson v. Sargent*, 313 F.3d 1315, 1320-21 (11th Cir. 2002) (noting that courts may dismiss a prisoner's case for failing to pay the initial partial filing fee after issuing an order to show cause); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").